UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re                                          )
                                               )     Case No.  6:12-bk-12877-KSJ
OLGA P. BUSTAMANTE,            )     Chapter 7
                                               )
        Debtor.                           )
                                               )

**MEMORANDUM OPINION GRANTING
DEBTOR'S MOTION TO STRIP JUNIOR LIEN
OF WHISPER LAKES MASTER COMMUNITY ASSOCIATION, INC.
AND DENYING THE ASSOCIATION'S MOTION FOR RELIEF FROM STAY**

The Debtor's homestead is a condominium located at 2109 Whitewood Court, Orlando, FL (the "Property")[1]. The Debtor is delinquent in homeowners' fees and assessments due pre-petition to Whisper Lakes Master Community Association, Inc. (the "Association").

The Debtor moved to strip the lien[2] held by the Association under § 506 of the Bankruptcy Code.[3] The Association concedes its lien is junior to a first-priority mortgage held by Bank of America but argues its subordinate lien should not be stripped because § 506 does not permit the Court to strip liens held by condominium associations and, even if this Court *can* strip its lien, it would be inequitable to do so. The Association also has moved for relief from the automatic stay to continue foreclosure proceedings it instituted pre-petition against the Property.[4]

The Court grants the Debtor's motions to strip the Association's lien and denies the Association's motion for relief from the stay.

---

[1] The legal description of the Property is: LOT 19, WHISPER LAKES UNIT 4, according to the Plat thereof, as recorded in Plat Book 16, Page 22 of the Public Records of Orange County, Florida.
[2] Doc. Nos. 12 and 16.
[3] All references to the Bankruptcy Code refer to 11 U.S.C. Section 101, *et. seq*.
[4] Doc. No. 7.

The Debtor, Olga Bustamante, filed a petition under Chapter 7 on September 21, 2012. As of that date, the Debtor's interest in the Property was subject to a first-priority mortgage in favor of Bank of America, N.A. securing a debt of approximately $58,048 and a subordinate lien held by the Association. The Association's lien arose from the Debtor's failure to pay condominium association fees; the Debtor was indebted to the Association in the amount of $1,986.50.

The Debtor values the Property at $50,783 as of the Petition Date. She submitted the Orange County Property Appraiser's Assessed Value Report in support of this value.

The Association argues the Property is more valuable, citing the Debtor's previous valuation of $55,502 on Schedule A. The Association argues the Debtor's value does not consider the "proposed disposition or use" of the Property. The Association however does not explain how the property appraiser's report does not consider the use of the Property as a home. The Association also does not provide an appraisal or any other evidence of a higher value. Further, the Association does not explain how a value of $55,502 (which is still lower than the debt secured by the first mortgage) would yield any different outcome in the Court's securitization analysis.

The Association next argues the Debtor *may* have paid down the Bank of America loan balance and, therefore, *may* have equity in the Property exceeding Bank of America's claim. It goes so far as to state "there is legitimate concern that there is equity in the subject property, which Debtor is attempting to conceal."[5] The Association presents no evidence in support of this argument.

The Court finds the Property had a value no higher than $55,502 on the Petition Date. Because the Property is valued at less than the $58,048.00 debt secured by the first-priority Bank of America mortgage, the Association's subordinate lien is wholly unsecured.

---

[5] Doc. No. 21 ¶ 23.

As a general rule, wholly unsecured subordinate liens are subject to strip off under § 506(d).[6]  The Association seeks to avoid application of this rule, arguing liens arising out of breaches of condominium declarations are different in character from all other liens because they result from the homeowner's breach of continual obligations.  The Association again provides no legal citation in support of its argument that this distinction merits different treatment with respect to § 506, and this Court has found no support for the proposition.

Condominium association liens do not enjoy any special status under the Bankruptcy Code.[7]  The Court rejects the distinction the Association seeks to create between subordinate liens held by condominium associations and all other subordinate liens.  "[C]ondominium assessment liens squarely fall within the Bankruptcy Code's definition of liens and are subject to the application of Bankruptcy Code section 506."[8]

The Association next argues it would be inequitable for the Court to strip off its lien because the Debtor failed to act in good faith.[9]  Apparently, the Association asks this Court to extend Chapter 13 law regarding good faith into the Chapter 7 lien stripping context.  The Court will not decide whether the law should be extended in this manner because, even were a good faith standard applied, the Court finds no bad faith by the Debtor on the facts cited by the Association.[10]  This is so, even if, as the Association argues, the purpose of the bankruptcy filing was to avoid the lien foreclosure action.  The Court finds no inequity in stripping the Association's lien.

---

[6] *In re McNeal*, 477 Fed. Appx. 562, 563-64 (11th Cir. May 11, 2012) (citing *Folendore v. United States Small Bus. Admin.*, 862 F.2d 1537 (11th Cir. 1989)).
[7] *See In re Plummer*, -- B.R. --, 2013 WL 163479, at *5 & n.28  (Bankr. M.D. Fla. 2013) (citations omitted).
[8] *Id.* at *5.
[9] The Association's argument that the Debtor's motion must be denied because the Debtor did not verify the motion or submit a supporting affidavit is moot.  The Debtor filed an affidavit in support of her motion.  Doc. No. 23.
[10] Prior to the Debtor's bankruptcy, the Association filed a lien foreclosure action in state court.  The parties agreed to a settlement; the Debtor made several payments to the Association per the settlement agreement but then ceased and filed for bankruptcy protection.

The Association makes the final argument that, under Fla. Stat. § 720.3085, even if its lien is stripped, Bank of America should remain liable for unpaid assessments, fees and costs if it forecloses on the Property. Nothing in this opinion or in the order stripping the Association's lien affects the rights of the Association pursuant to the Florida statute, vis-à-vis a purchaser at foreclosure.

In conclusion, the Debtor's Motion to Strip the Association's Lien[11] is granted. The Association has an unsecured claim. Upon entry of a discharge pursuant to Chapter 7, the Association's lien will be avoided and extinguished automatically without further order, provided the Eleventh Circuit or the Supreme Court has not at the time of the discharge vacated the opinion or otherwise overruled or limited the holding of *In re McNeal* (Case No. 11-11352), 477 Fed. Appx. 562, 563-64 (11th Cir. May 11, 2012).

The Association's claim shall be treated as a general unsecured claim in this case. The Association's motion for relief from the automatic stay[12] to foreclose on its lien, which upon entry of a discharge is avoided, is denied as unnecessary. A separate order consistent with this Memorandum Opinion shall issue.

DONE AND ORDERED in Orlando, Florida, on March 15, 2013.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[11] Doc. No. 16.
[12] Doc. No. 7.